IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DONALD M. DOVE,

        Plaintiff,        Civil Action No.
                                        3:13-CV-1315 (DNH/DEP)

  v.

MARTIN E. SMITH, *et al.*,

        Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

DONALD M. DOVE, *Pro Se*
10-B-0378
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

    *Pro se* plaintiff Donald M. Dove, a New York State prison inmate, has commenced this action pursuant to 42 U.S.C. § 1983, alleging the deprivation of his civil rights. Plaintiff's complaint challenges a criminal

conviction entered against him in Broome County, and specifically a finding, for purposes of sentencing, that he is a persistent violent felony offender. Plaintiff's complaint is accompanied by an application for leave to proceed *in forma pauperis* ("IFP").

Plaintiff's complaint and IFP application have been forwarded to me for consideration. Based upon my review of those filings, I conclude that this action is duplicative of an earlier suit filed by the plaintiff against the same three defendants and challenging the same persistent violent felony offender finding, and his complaint should be dismissed based upon the filing of that earlier action. I further conclude that, even if the court was to determine that this action is not precluded by the earlier suit, his claims, which are asserted against a sitting judge and two prosecutors, all three of whom are entitled to immunity from suit for damages under section 1983, would nonetheless be subject to dismissal on the merits.

I. BACKGROUND

Plaintiff commenced this action on November 7, 2013. Dkt. No. 1. At the time of commencement he was a state prison inmate being held at the Elmira Correctional Facility, located in Elmira, New York. *Id.* at 1. As defendants, plaintiff's complaint names Broome County Supreme Court Justice Martin E. Smith, Broome County District Attorney Gerald Mollen,

and Broome County Chief Assistant District Attorney Joanne Rose Parry. *Id.* at 1, 2. Plaintiff alleges that, following a hearing in state court, Justice Smith improperly determined him to be a persistent violent felon, and sentenced him to serve between twenty years and life in prison based upon that erroneous determination.[1] *Id.* at 3. Plaintiff maintains that, as a result of the defendants' actions, his sentence was illegal and his due process rights were thereby violated. *Id.* at 5.

II. DISCUSSION

    A. Application for Leave to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP, if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the applicable requirements for that status, his application for leave to proceed IFP is granted.

---

[1] In one of several proceedings recently filed by him, plaintiff has challenged this conviction in two habeas corpus petitions filed with the court pursuant to 28 U.S.C. § 2254. *See Dove v. Lee*, No. 12-CV-0738 (N.D.N.Y. filed May 3, 2012); *Dove v. Lee*, No. 12-CV-0835 (N.D.N.Y. filed May 21, 2012). Those matters remain pending.

3

B. Prior Action Pending

As was noted above, this action appears to be virtually identical of another commenced in this court by Dove against the same three defendants on October 23, 2013. *See Dove v. Smith,* No. 13-CV-1315 (N.D.N.Y. filed Oct. 23, 2013). As a matter of judicial discretion, "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The basis for taking such a measure stems from the desire to avoid duplicative litigation, and therefore promote judicial economy and protect parties from the vexation of concurrent litigation over the same subject matter. *Curtis*, 226 F.3d at 138. Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, courts faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* at 138 (collecting cases). The action to be taken when such circumstances are presented, if any, "is one for the exercise of the district court's discretion in

the comprehensive management of litigation in its court." *Id.* at 139.

In this instance, the court perceives no basis for distinguishing this action from the earlier case or permitting plaintiff to pursue two suits against the same three defendants arising out of the same set of circumstances and raising similar legal arguments. Accordingly, I recommend that this action be dismissed, in the discretion of the court, without prejudice, based upon the pendency of plaintiff's prior suit.

C. Sufficiency of Plaintiff's Complaint

In the event the court determines that the pendency of the prior action by Dove should be overlooked and the court should review the merits of this action, I nonetheless conclude that his complaint is subject to dismissal for the reasons set forth below.

1. Standard of Review

Once a court determines that a plaintiff meets the financial criteria for commencing an action IFP, it must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

5

from such relief."  28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'"  *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

7

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

As was previously noted, plaintiff's complaint names a sitting Broome County Supreme Court justice and two Broome County prosecutors as defendants. Dkt. No. 1 at 1, 2. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true

8

however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

It is equally well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Applying these principles to the case now before the court, it is clear that plaintiff's claims against defendant Smith, a sitting judge, and

defendants Mollen and Parry, two Broome County prosecutors, are subject to dismissal.  The claims against both stem from the criminal trial and sentencing of plaintiff, during which it is alleged that the defendants violated his due process rights in connection with the finding that he is a persistent violent felony offender.  Dkt. No. 1 at 4, 5.  Because the conduct forming the basis for plaintiff's claims occurred while defendant Smith was fulfilling his judicial responsibilities, and defendants Mollen and Parry were acting as prosecutors during the judicial phase of the criminal proceedings against Dove, all three are protected from suit for monetary damages under section 1983 by absolute immunity.  *See, e.g., Taylor v. Kavanagh*, 640 F.2d 450, 451-52 (2d Cir. 1981) ("Taylor's damages claim also fails because the Assistant District Attorney's conduct in the plea bargaining negotiations and the sentencing proceeding in state court is protected by the doctrine of absolute prosecutorial immunity."); *Ferran v. State of New York Div. of State Police*, No. 91-CV-0178, 1992 WL 1694, at *3 (N.D.N.Y. Jan. 2, 1992) (Munson, J.) ("The December 12, 1988 bench trial, guilty verdict, and consequent sentence were clearly judicial in nature[.]"); *Edwards v. People of State of New York*, 314 F. Supp. 469, 471 (S.D.N.Y. 1970) ("[T]he imposition of sentence was a judicial function to which judicial immunity applies.").  Accordingly, I recommended dismissal of

10

plaintiff's claims against all defendants to the extent that monetary damages are sought as relief.

Turning to plaintiff's requests for declaratory and injunctive relief, Dkt. No. 1 at 6, he asks the court to make a determination that would potentially affect the fact and duration of his incarceration. Such relief is more appropriately sought in a habeas corpus petition brought under 28 U.S.C. § 2254 against the superintendent of the facility in which he is currently being held.[2] *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (holding that a writ of habeas corpus, rather than an action pursuant to section 1983, is appropriate where the petitioner "challenge[s] the very fact or duration of the confinement"); *Taylor*, 640 F.2d at 451 ("We note at the outset that when a prisoner is challenging his imprisonment in state facilities, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254." (citation omitted)). For that reason, I recommend dismissal of plaintiff's claims to the extent they request injunctive and declaratory relief.

---

[2]  As was previously noted above in note one of this report, Dove has filed two separate proceedings requesting habeas relief, both of which remain pending and address his judgment of conviction entered on January 14, 2010. *See* n.1, *ante.*

C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.

22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I recommend against granting him leave to amend.

III. SUMMARY AND RECOMMENDATION

Because plaintiff's application for leave to proceed IFP appears to be proper and well-supported, it is granted.

Turning to a review of the substance of plaintiff's complaint, I conclude that the claims raised are nearly identical to those asserted against the same three defendants in an action recently commenced by the plaintiff in this court. *See Dove v. Smith*, No. 13-CV-1315 (N.D.N.Y. filed Oct. 23, 2013). Accordingly, I recommend that the action be dismissed in the court's discretion on this basis. Alternatively, addressing the merits of plaintiff's claims, I conclude that, by virtue of their positions and the fact that they were acting in their official capacities at the times relevant to this action, the three defendants in this case are entitled to absolute immunity from suit for damages under section 1983. Accordingly, it is hereby

13

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in all respects as against all three named defendants, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: December 19, 2013
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge